UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON PENELOPE
MONTERROSO ROMERO,

    Plaintiff,

v.                                                           Case No: 6:24-cv-1749-JSS-RMN

AGENT AU PAIR, INC., and JAMES
RAY FRANKLIN,

    Defendants.
_____/

## ORDER

    Plaintiff, Sharon Penelope Monterroso Romero, asserts claims against Defendant Agent Au Pair, Inc., that include violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. (Dkt. 1 at 25–32.) Monterroso Romero and Agent Au Pair have filed a brief motion under Federal Rule of Civil Procedure 21 seeking to drop Agent Au Pair from this lawsuit with prejudice because they have finalized a settlement agreement regarding this case. (Dkt. 28.) Upon consideration, for the reasons outlined below, the court denies the motion.

    Although Rule 21 authorizes the court to "drop a party" from a lawsuit "on just terms" "at any time," Fed. R. Civ. P. 21, Rule 21 is not the "appropriate authority" for dropping a party "with prejudice," *Demarco v. Rakmanov*, Civil Action No. 1:20-cv-04256-SDG, 2021 U.S. Dist. LEXIS 259630, at *15–16 (N.D. Ga. Aug. 13, 2021) (quoting *Cramer v. Beiser*, No. 3:13-cv-262-J-39JRK, 2018 U.S. Dist. LEXIS 116983, at *2 (M.D. Fla. July 13, 2018)). Even if it were, the court does not have enough information to determine that the "terms" of dropping Agent Au Pair with prejudice

are "just." *See* Fed. R. Civ. P. 21; *Berntheizel v. Safeco Ins. Co. of Ill.*, 343 F.R.D. 657, 661 (S.D. Fla. 2023) ("When determining whether dropping a party would be 'just' under Rule 21, courts evaluate whether dismissal of parties would cause substantial prejudice.").

Moreover, in general, the resolution of FLSA claims requires the court to determine that the parties' proposed settlement agreement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In their brief motion, Monterroso Romero and Agent Au Pair do not mention FLSA or provide sufficient information about their settlement agreement for the court to make the necessary determination. (*See* Dkts. 28, 28-1.) Indeed, in support of the motion, they cite only two cases, (*see* Dkt. 28 at 1–2; *see also* Dkt. 28-1), and those cases are distinguishable because they do not involve FLSA claims, *see PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016); *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, No. 6:18-cv-34-Orl-37TBS, 2018 U.S. Dist. LEXIS 66508, at *4 (M.D. Fla. Mar. 2, 2018), *report and recommendation terminated as moot by* 2018 U.S. Dist. LEXIS 66509, at *2 (M.D. Fla. Mar. 5, 2018).

Accordingly:

1. The motion to drop Agent Au Pair from this lawsuit with prejudice (Dkt. 28) is **DENIED**.

2. On or before April 7, 2025, Monterroso Romero and Agent Au Pair shall file a joint motion for the court's approval of their settlement of the FLSA claims

against Agent Au Pair.

**ORDERED** in Orlando, Florida, on March 28, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record