UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON PENELOPE MONTERROSO ROMERO,

Plaintiff,

vs.

AGENT AU PAIR, INC.; and JAMES RAY FRANKLIN,

Defendants.

Case No. 6:24-cv-1749-JSS-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration without oral argument on the parties' renewed Joint Motion for Settlement Approval, Dkt. 39, filed April 24, 2025. Upon consideration, I recommend granting the Motion and dismissing Defendant Agent Au Pair from the case.

## I. BACKGROUND

On September 27, 2024, Plaintiff Sharon Penelope Monterroso Romero initiated this action against Defendant Agent Au Pair alleging violations of the Fair Labor Standards Act ("FLSA"), as well as claims pursuant to 18 U.S.C. § 1581 and additional state laws. Dkt. 1. For the FLSA claims relevant to the instant motion, Plaintiff alleges she

worked as an au pair for Defendants from October 2, 2023, to September 26, 2024. *Id.* At ¶¶ 74, 78. Plaintiff alleges Defendant Agent Au Pair failed to pay her minimum wage for all hours worked. *Id.* At ¶¶ 76–81.

On March 25, 2025, the parties filed a Joint Motion to Drop Agent Au Pair pursuant to a settlement. Dkt. 28. The Court denied the motion and directed the parties to file a joint motion for settlement approval of the FLSA claims against Defendant Agent Au Pair. Dkt. 30. Then, on April 7, the parties filed the first joint motion for settlement approval. Dkt. 32. The Court denied that motion because it did not include a proposed settlement agreement for the Court's review. *See* Dkt. 33. Thereafter, on April 14, the parties filed a second Renewed Joint Motion for Approval of Settlement. Dkt. 35. That motion was denied without prejudice because of typos and omissions rendering the Agreement impossible to decipher, and the inclusion of confidentiality and non-disparagement clauses without separate consideration. Dkt. 37. The Court provided the parties another opportunity to revise the settlement agreement and refile the motion for approval.

Finally, on April 24, the parties filed the instant joint motion for settlement approval. Dkt. 39. In the Motion, the parties inform the Court that they have negotiated a settlement of Plaintiff's claims against Agent Au Pair. Under the FLSA settlement agreement, Plaintiff will receive $7,500.00 in unpaid wages, $500 in consideration for the confidentiality provision, $500 in consideration for the non-

disparagement provision, and Plaintiff's counsel will receive $2,500.00. Dkt. 39-1. The parties ask the Court to approve the settlement and dismiss Agent Au Pair.[1]

## II. LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;

[1] The parties indicate they have entered into a separate and distinct "non-FLSA Agreement" that resolves Plaintiff's non-FLSA tort claims against Agent Au Pair. Dkt. 36. The parties make clear that this agreement was negotiated separately from the FLSA Settlement Agreement and is supported by separate consideration in excess of the amount paid to resolve Plaintiff's FLSA claims. *Id.* at ¶ 2. Thus, the undersigned is confident that the resolution of Plaintiff's non-FLSA claims by separate agreement does not taint, contaminate, or impact the FLSA agreement, and the release language in said separate agreement is restricted to non-FLSA claims. *See Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) ("[T]he Court does not need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim."); *cf. Diaz v. AD-PSJ, Inc.*, No. 6:18-cv-2063, 2020 WL 9597837, at *2 (M.D. Fla. Mar. 27, 2020) (court could not determine whether separate, non-FLSA agreement affected reasonableness of the FLSA settlement where the parties provided no information about the non-FLSA agreement beyond its existence).

> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of [Plaintiff's] success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III. ANALYSIS

### A. The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354–55.

I find no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 39. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of her original claim, I conclude the settlement amount is fair and reasonable. I therefore find that the consideration being paid to Plaintiff to resolve her FLSA claims is fair and reasonable.[3]

---

[3] The parties included confidentiality and non-disparagement provisions in the Settlement Agreement. Although these are typically not approved in FLSA settlements, Plaintiff is receiving additional consideration for the execution of such provisions. *See* Dkt. 39-1. Because Plaintiff is receiving separate consideration for each provision, the Court finds the settlement fair and reasonable under the circumstances. *See Caamal v. Shelter Mortg. Co., LLC*, No. 6:13-cv-706, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (finding payment of consideration beyond what was due under the FLSA for a general release, confidentiality, non-disparagement, and waiver of future employment fair and reasonable).

**B. The award of attorney's fees and costs is reasonable.**

Turning to the reasonableness of the attorney's fees and costs in the amount of $2,500, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 39 at 6. I find that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

Additionally, the fee award is reasonable considering it is under the lodestar analysis. Counsel represents that the billable rate is $650 per hour. *See Id.* The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Mr. Dieppa's stated rate is high for Orlando. *See e.g.*, *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-cv-327, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), *report & recommendation adopted*, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (finding the requested hourly rate to be pushing the bounds of proprietary for an FLSA case in the Orlando division and reducing the lawyer's hourly rate to $425). I therefore find an hourly rate of $425 for Mr. Dieppa to be reasonable in view of the rates typically charged in this district for attorneys with similar experience. *See Longra Perez v. Servello & Son, Inc.*, No. 6:24-cv-757, 2025 WL 714142, at *2 (M.D. Fla. Feb. 4, 2025) (finding $400 an hour reasonable for an FLSA lawyer with over 25 years of

experience); *see also Pressley v. Roadsafe Traffic Systems, Inc.*, No. 6:24-cv-866, 2025 WL 566618, at *2 (M.D. Fla. Feb. 4, 2025) (finding $350 per hour reasonable for an FLSA lawyer with 17 years of experience). I therefore recommend the Court base a reasonable award in this case on a lower hourly rate of $425 per hour for attorney Dieppa.

Counsel also represents that he performed 3.85 hours on this matter, *id.*, which is not excessive. Counsel represents that "no costs have been charged to the Plaintiff relating to the FLSA claim." Dkt. 39 at 7. And, despite Mr. Dieppa's unreasonable rate, the proposed award is roughly around the lodestar amount if that rate is reduced, and so I find the $2,500 in attorney's fees and costs reasonable.[4] The Court should therefore approve the $2,500 in fees.

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** the renewed Joint Motion for Settlement Approval (Dkt. 39); and

[4] There are attorneys with more than 20 years' experience in FLSA matters in Orlando who charge only $300 and $350 per hour for their services. Counsel based in other markets, like Mr. Dieppa, are forewarned that they may not be reimbursed their full hourly rates under the FLSA fee-shifting provision in cases in the Orlando Division.

2. **DISMISS** Defendant Agent Au Pair from the case **with prejudice.**[5]

**Notice to Parties**

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on May 2, 2025.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Julie S. Sneed

Counsel of Record

[5] Defendant James Ray Franklin remains in the case.