UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON PENELOPE
MONTERROSO ROMERO,

Plaintiff,

vs.

AGENT AU PAIR, INC.; and
JAMES RAY FRANKLIN,

Defendants.

Case No.
6:24-cv-1749-JSS-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant James Ray Franklin's Motion to Dismiss (Dkt. 12, the "Motion") filed October 22, 2024. Plaintiff, Sharon Penelope Monterroso Romero, filed a response in opposition. Dkt. 15. On April 4, 2025, the Motion was referred to me for preparation of a Report and Recommendation. Dkt. 31. After careful consideration, I respectfully recommend the Court grant in part and deny in part Defendant's Motion.

## I.  BACKGROUND

As alleged in the Complaint,[1] Defendant hired Plaintiff to serve as an au pair for his children. Dkt. 1 ¶¶ 16–17. As part of the au pair program, Defendant and his wife hosted Plaintiff at their home in Pierson, Florida, in December 2023. *Id.* ¶ 17. Once she arrived at the home, Defendant sexually assaulted Plaintiff. *Id.* ¶ 19. Although Plaintiff reported the assault to the program sponsor, the sponsor did not remove Plaintiff from the home. *Id.* ¶ 22. Defendant continued to assault Plaintiff, repeatedly battering and assaulting her, stalking her, groping her, and attempting to coerce her into having intercourse. *Id.* Plaintiff reported this conduct again, but the program sponsor did nothing. *Id.* ¶¶ 24–25. Defendant's conduct continued, culminating in an incident in which he masturbated in front of Plaintiff and Defendant's children. *Id.* ¶ 26. Plaintiff fled to a room in the home and locked the door. *Id.* ¶ 29. Sometime later, Defendant's wife drove Plaintiff to a restaurant several miles away from the home and left her there. *Id.* ¶ 30.

Plaintiff asserts eleven claims in her Complaint. The first five were brought against the program sponsor, Agent Au Pair, alone.[2] In

---

[1] This account of the facts comes from the Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2] On May 23, 2025, the Court approved Plaintiff and Defendant Agent Au Pair's proposed settlement agreement. Such approval was necessary because her claims contained Fair Labor Standards Act

Count VI, Plaintiff brings a state law sexual battery claim. Dkt. 1 ¶¶ 99–104. In Count VII, she brings a state law negligent misrepresentation clam. *Id.* ¶¶ 112–19. The next count appears to bring negligence claims based on state and federal law. *Id.* ¶¶ 120–29. In Count IX, Plaintiff brings a state law false imprisonment claim against Defendant. *Id.* at 38–39.[3] In Count X, Plaintiff alleges that Defendant and Agent Au Pair engaged in a joint venture, which injured her. *Id.* ¶¶ 125–38. Lastly, in Count XI, Plaintiff claims Defendant and the program sponsor jointly violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. *Id.* ¶¶ 139–49.

Defendant Franklin moves to dismiss Counts VI through XI of the Complaint, bringing shotgun pleading arguments and for failure to state a claim. Dkt. 12. Plaintiff opposes. Dkt. 15. The Motion is ripe for adjudication.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim. "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences

---

claims. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The claims against Agent Au Pair were dismissed with prejudice and Agent Au Pair was terminated as a defendant in the case. *See* Dkt. 46.

[3] The paragraphs in Count IX are mistakenly numbered 112 through 124. I therefore cite to the page number of the adobe acrobat file.

therefrom are construed in the light most favorable to the plaintiff."
*Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999)
(internal citation omitted).

Generally, a complaint is sufficiently pled under Rule 12(b)(6)
if the claim is plausible, rather than merely "possib[le]" or
"conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)
(citations and quotations omitted). And that means a complaint
must "contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face." *Id.* at 678. Mere "labels
and conclusions, and a formulaic recitation of the elements of a cause
of action" are insufficient to survive a motion to dismiss. *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  ANALYSIS

Defendant argues first that the Complaint is a shotgun
pleading. He then challenges each claim. I will consider each
argument in turn.

### A.    Shotgun Pleading

Defendant moves to dismiss Plaintiff's Complaint on the
grounds that it is an impermissible shotgun pleading. Dkt. 12 at 8–
10. He argues that each count repeats and alleges all 31 paragraphs of
general allegations (including paragraphs nine through twelve, which
exclusively discuss Defendant Agent Au Pair, and paragraph
fourteen). *Id.* Specifically, Defendant Franklin maintains that the

Complaint impermissibly adopts immaterial general allegations into all counts and must be dismissed. *Id.*

Plaintiff argues that her Complaint is properly pled, separately alleged, and appropriately labeled. Dkt. 15 at 2–5. She states that her Complaint properly incorporates and realleges certain allegations contained in the introductory paragraphs of the Complaint. *Id.* at 2–3. I agree.

In acknowledging its "thirty-year salvo of criticism aimed at shotgun pleadings," the Eleventh Circuit has repeatedly condemned such pleadings, identifying four categories. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). These are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321.[4]

---

[4] If a complaint truly is a shotgun pleading, a defendant—and the court—would face an onerous task of sifting through the complaint to determine which facts would be relevant to which counts and

Plaintiff's Complaint is not a shotgun pleading. It does not fit into any of the shotgun pleading categories. The Complaint "give[s] the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.2d at 1323–34. And Plaintiff's Complaint is not of the kind that incorporates the allegations of previous *counts*, as Defendant argues. *Cf. Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (identifying a complaint as a shotgun pleading where "[e]ach count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'—which comprise[d] 146 numbered paragraphs—*while also incorporating the allegations of any count or counts that precede[d] it.*") (emphasis added). The Complaint here is different; the allegations of each count are not rolled into every successive count down the line of the Complaint. I find that the Complaint, as alleged, gives Defendant adequate notice of the claims against him and the factual allegations that support those claims.

Thus, I respectfully recommend the Court deny Defendant's Motion on shotgun pleading grounds. I now turn to the substance of Defendant's arguments for dismissal.

## B.    Count VI – Sexual Battery

Defendant argues Plaintiff's Count VI for sexual battery should be dismissed for failure to state a claim for relief. Dkt. 12 at 10–12. Specifically, Defendant maintains that under Florida's

_____

which issues. In other words, the complaint would not clearly connect the alleged facts to any claim or cause of action.

criminal statute, *Section 794.011(1)(j), Florida Statutes*, sexual battery is defined as "oral, anal, or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." Dkt. 12 at 11. Because Plaintiff does not allege "either penetration or oral, anal or vaginal union with James Ray Franklin's sexual organ," Defendant argues, Plaintiff's claim fails to state any claim for relief and should be dismissed with prejudice. *Id.* at 12.

In response, Plaintiff contends that Defendant conflates the civil tort of common-law battery of a sexual nature, with criminal sexual battery under Florida law. Dkt. 15 at 5–7. Further, Plaintiff argues that penetration of her sexual organs is not a required element of civil battery of a sexual nature. *Id.*

Defendant's argument misses the mark. Plaintiff alleges a common-law civil claim for battery. Under Florida law, the elements for a battery claim are "(1) the intent to cause a harmful or offensive contact with another person [] and (2) an offensive contact that directly or indirectly results." *Brown v. J.C. Penney Corp.*, 521 F. App'x 922, 923 (11th Cir. 2013)[5] (citing *Chorak v. Naughton*, 409 So. 2d 35, 39 (Fla. 2d DCA 1981). And, "[u]ninvited fondling or groping, . . . constitutes actionable sexual battery," under Florida

---

[5] Although *Brown* is unpublished and therefore non-binding, the opinion provides guidance and persuasive reasoning. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

law. *Speedway SuperAmerica, LLC v. DuPont*, 933 So. 2d 75, 84 (Fla. 5th DCA 2006).

Plaintiff's Complaint states a claim for battery of a sexual nature. Plaintiff alleges Defendant "grop[ed] her in an attempt to have sexual intercourse with her without her consent." Dkt. 1 at ¶ 19. She alleges Defendant "repeatedly battered and assaulted [her], by stalking her through his home, groping her private areas, and repeatedly attempting to physically coerce [her] into having sexual intercourse with [Defendant]." *Id.* at ¶ 22. Plaintiff states "Franklin's sexual battery of the Plaintiff involved actual repeated direct physical contact with her body." *Id.* at ¶ 31. And Plaintiff alleges "[a]t no time did Plaintiff ever consent to being touched by Franklin, nor did Plaintiff ever contemplate any type of sexual activity or agree to engage in any sexual innuendo with Franklin." *Id.* at ¶ 100.

Because Plaintiff adequately alleges a claim for battery of a sexual nature, I respectfully recommend the Court deny Defendant's Motion as it relates to Count VI.

### C.    Count VII – Negligent Misrepresentation

Next, Defendant argues that Count VII should be dismissed because Plaintiff failed to meet the heightened pleading standards required for claims sounding in fraud under Rule 9(b). Dkt. 12 at 12–14. Under this heightened pleading standard, a plaintiff must identify: "(1) the allegedly fraudulent statement, document, representation, or omission made; (2) the time, place, and person responsible for reach misrepresentation; (3) the manner in which

each misrepresentation misled the plaintiff; and (4) what the defendant gained from the alleged fraud." *Rowe v. Mentor Worldwide, LLC*, 297 F. Supp. 3d 1288, 1296 (M.D. Fla. 2018).

Defendant argues that pursuant to Florida law, negligent misrepresentation requires a plaintiff to prove: (1) a misrepresentation of material fact; (2) made without knowledge as to its truth or falsity or under circumstances in which a defendant ought to have known of its falsity; (3) with the intention that the misrepresentation induce another to act; and (4) resulting in injury to a party who justifiably relies on the misrepresentation. Dkt. 12 at 12–13 (citing, among other authorities, *Souran v. Travelers Ins.*, 982 F.2d 1497 (11th Cir. 1993)). Defendant says that because Plaintiff does not provide the time and place of each alleged misrepresentation, and because she cannot prove a commercial relationship with Defendant Franklin, Count VII should be dismissed. *Id.* at 13.

Plaintiff argues that she does not allege a cause of action for fraud and Rule 9(b) is not applicable under Florida law. Dkt. 15 at 7–9. She also argues that a claim for negligent misrepresentation does not require actual knowledge or intent to defraud, as Defendant claims it does. *Id.*

Plaintiff is mistaken. In Florida, actions for negligent misrepresentation sound in fraud rather than negligence. *See Morgan v. W.R. Grace & Co.*, 779 So. 2d 503, 506 (Fla. 2d DCA 2000) ("[T]he requirement that fraud be pleaded with specificity also

applies to claims for negligent misrepresentation."); *Ostreyko v. B.C. Morton Org.*, 310 So. 2d 316, 318 (Fla. 3d DCA 1975) (explaining that "negligent misrepresentation is considered tantamount to actionable fraud"). Because these claims are tantamount to fraud, the pleading requirements contained in Federal Rule of Civil Procedure 9(b) apply to such claims. *See Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) (Rule 9(b) applies to claims for negligent misrepresentation brought under Florida law).

Plaintiff's claim for negligent misrepresentation does not contain sufficient factual matter to state a claim for relief under Rule 9(b). Plaintiff states that Defendant misrepresented that she would be permitted to attend school and work at his home, that she would be safe from harassment, assaults, or criminal activity, that she would be permitted a private room and suitable accommodations, that he and his family were suitable hosts, that his home was safe, and that her personal privacy would be respected. *See* Dkt. 1 at ¶ 114. Plaintiff alleges these misrepresentations were made *at some point* during the interview conversation she had with Defendant Franklin. *Id.* at ¶ 113. Yet what is missing from Plaintiff's negligent misrepresentation claim are allegations regarding the *specific* time and place of Defendant's misrepresentations and "what the defendant[] obtained as a consequence of the fraud." *See Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (stating the requirements under Rule 9(b) to state a claim for negligent

misrepresentation under Florida law). Without more specific facts concerning *when* and *where* the misrepresentations occurred and the *actual benefit* to Defendant from the alleged misrepresentations, Plaintiff's negligent misrepresentation claim fails. For this reason, the Court should dismiss Count VII.

### D.    Count VIII – Negligence Innkeeper's Duty

Defendant then argues that Count VIII should be dismissed because Plaintiff fails to establish that Defendant Franklin meets the legal definition of "innkeeper." Dkt. 12 at 16. Defendant argues that the Franklin home does not provide hotel services for accommodation to the public nor does it maintain an occupational license under a licensed corporation. *Id.* Because Defendant Franklin cannot meet the legal definition of "innkeeper," he argues Count VIII must be dismissed with prejudice. *Id.*

Plaintiff argues that she paid Franklin monetary consideration in the form of her au pair services in exchange for staying at his home that he publicly advertised through the Agent Au Pair website. She argues that Defendant therefore meets the definition of "innkeeper" under Florida common law. Dkt. 15 at 12–15.[6] Further, Plaintiff

---

[6] Plaintiff cites *Orlando Exec. Park v. Robbins*, 433 So. 2d 491, 493 (Fla. 1983) to support her position that Franklin is an innkeeper. This partially overturned Florida case is inapposite to the one at bar. In that case, a Plaintiff was attacked by a man while she was a registered guest at a motor lodge owned and operated by the defendants. There was no factual issue that the corporate defendants owned and operated an "inn" or a motel. *Id.* at 492.

argues that because 22 C.F.R. § 62.31, the rules regulating au pairs, "establishes the existence of a special relationship and consequent duty of care" between Plaintiff and Defendant Franklin, Defendant was legally responsible for Plaintiff's safety, and the law imposes a duty of care onto him. *Id.* at 13.

Plaintiff conflates a general duty of care under a negligence standard with duty of care established for an "innkeeper." It simply cannot be true that Defendant's private residence is open to the public so that he is legally considered an "inn" for purposes of this standard of care. Plaintiff has cited to no case—and the Court cannot find one—where the standard of care levied on an "innkeeper" is imposed on an owner of a private residence, even one in the au pair or home services industry.

Given the absence of legal authority supporting her claim, I respectfully recommend the Court grant Defendant's Motion and dismiss Count VIII Negligence Innkeeper's Duty.

_____

The other cases Plaintiff cites prove no better for her case. *See Riedel v. Sheraton Bal Harbour Assoc.*, 806 So. 2d 530, 532 (Fla. 3d DCA 2001) (no factual question defendant was a hotel and innkeeper's duty applied); *Mozer v. Semenza*, 177 So. 2d 880, 882 (Fla. 3d DCA 1965 (Defendant was owner of Bayshore Hotel, a three-story hotel containing 29 rooms. It was undisputed that the hotel was constructed and being used as public lodging); *Maher v. Best W. Inn*, 717 So. 2d 97, 99 (Fla. 5th DCA 1998) (no dispute whether Best Western is a hotel or "inn" for purposes of the duty of care).

### E.    Count IX – False Imprisonment

With respect to Count IX, False Imprisonment, Defendant argues that Plaintiff fails to state a claim for relief because the Complaint lacks specific detail as to unlawful restraint. Dkt. 12 at 14–16. Moreover, Defendant argues that the Complaint fails to allege Plaintiff was prevented from calling the police or that Franklin's actions were taken for the purpose of imposing confinement or with knowledge that confinement would result. *Id.* And, Defendant argues that the allegations regarding Franklin's wife driving Plaintiff to a restaurant are contrary to Plaintiff's false imprisonment claim. *Id.*

On the contrary, Plaintiff states that Florida law does not require the use of actual physical force and a claim for false imprisonment may rest solely on threatening words or threatening conduct. Dkt. 15 at 9–12. Plaintiff maintains that there is no minimum amount of time a person must be restrained for false imprisonment to occur under Florida law and that she alleges in her Complaint multiple instances where Franklin restricted her freedom of movement, which is sufficient to establish a claim for false imprisonment. *Id.*

In Florida, to state a cause of action for false imprisonment, a plaintiff must allege: "(1) the unlawful detention and deprivation of liberty of a person (2) against that person's will (3) without legal authority or 'color of authority' and (4) which is unreasonable and unwarranted under the circumstances." *Harder v. Edwards*, 174 So.

3d 524, 531 (Fla. 4th DCA 2015) (citing *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006), and *Mathis v. Coats*, 24 So. 3d 1284, 1289–90 (Fla. 2d DCA 2010)). It is true that "false imprisonment need not include the use of force," and that "[i]f the words or conduct are such as to induce a reasonable apprehension of force and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty, as by prison bars." *United States v. Wiley*, No. 2:00-cr-14057, 2016 WL 7041979, at *4 (S.D. Fla. Dec. 2, 2016); *see also Wright v. Sheppard*, 919 F.2d 665, 667 (11th Cir. 1990) (among other findings, a reasonable apprehension of force is sufficient for false imprisonment claim). And further, Plaintiff is correct that false imprisonment does not require restraint for a long period of time. *See, e.g., Stockett v. Tolin*, 791 F. Supp. 1536, 1556 (S.D. Fla. 1992) ("In addition, the act of pinning Plaintiff against the wall and refusing to allow her to escape, even though only done for a short period of time, was false imprisonment.").

I find Plaintiff adequately pled a claim for false imprisonment. She alleges that Franklin's words or conduct created a situation in which Plaintiff was unlawfully detained against her will and without legal authority in the Franklin home. Dkt. 1 at ¶¶ 114–115. Even so, Plaintiff alleges that her freedom was unlawfully restricted by threat of physical and sexual assault (*Id.* at ¶ 116), that she was physically blocked from exiting the home and restrained from exiting certain areas of the Franklin house (*Id.* at ¶ 120), and that she was forced to

be locked in a bedroom for fear of Franklin's further sexual harassment (*Id.* at ¶ 121). I find these allegations sufficient to state a claim for false imprisonment. Thus, the Court should deny Defendant's Motion as it relates to Count IX.

F.    Count X – Joint Venture

As to the Joint Venture count, Defendant argues it should be dismissed because Plaintiff fails to allege facts establishing the existence of a joint venture between Defendant Franklin and Agent Au Pair. Dkt. 12 at 17–18. Defendant says Count X directly conflicts with Plaintiff's previous allegations elsewhere in the Complaint where Plaintiff describes an exclusive employment relationship with Agent Au Pair. *Id.* Defendant argues that because Plaintiff fails to allege a joint propriety interest in the subject matter, the right to share profits and duty to share losses, and joint control or right of control, her claim for joint venture should be dismissed. *Id.* Plaintiff maintains that she is permitted to allege alternative and inconsistent claims and that her allegations are consistent and provide the factual basis for a joint venture claim. Dkt. 15 at 15–17.

A joint venture is a "legal relationship resulting from an agreement between two or more persons to engage in an enterprise of limited scope and duration." *Kislak v. Kreedian*, 95 So. 2d 510, 514 (Fla. 1957). But these agreements are not required to be in writing. *Atkins v. Topp Telecom., Inc.*, 873 So. 2d 397, 399 (Fla. 4th DCA 2004). The elements of a joint venture claim are: "(1) a community of interest in the performance of a common purpose,

- 15 -

(2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits, and (5) a duty to share in any losses which may be sustained." *Id.* A joint venture will not be found if any of the above elements are missing. *See Williams v. Obstfeld*, 314 F.3d 1270, 1276 (11th Cir. 2002) (citations omitted).

The Complaint attempts to assert a claim that Defendant Franklin engaged in a joint venture with dismissed Defendant Agent Au Pair as to her employment in the United States. Dkt. 1 at ¶¶ 125–138. But besides a theory for establishing liability and responsibility for Plaintiff's damages, it is unclear the purpose of Count X as there is no "cause of action" for "joint venture" under Florida law—it is simply an "alternative theory for negligence liability." *See Ash v. Royal Caribbean Cruises Ltd.*, No. 1:13-cv-20619, 2014 WL 6682514, at *8 (S.D. Fla. Nov. 25, 2014) (recognizing that "joint venture" is not a cause of action but is an alternative theory of liability). Given this and because Agent Au Pair has been dismissed as a Defendant from this lawsuit, I recommend the Court dismiss Count X.

## G.    Count XI – 18 U.S.C. § 1595

Lastly, Defendant moves to dismiss Plaintiff's TVPRA claim, arguing that the Complaint fails to allege Defendant Franklin engaged in sex trafficking, or that he knew or should have known Agent Au Pair engaged in sex trafficking, which he claims is a required element of Plaintiff's claim against him. Dkt. 12 at 18–20.

Defendant states that because Plaintiff's "bare legal conclusions" are not sufficient, her TVPRA claim should be dismissed against him. *Id.*

In response, Plaintiff argues that the TVPRA permits a civil claim against Defendant "as a *perpetrator*, and as someone who benefitted from the prohibited conduct." Dkt. 15 at 17 (emphasis in original). Plaintiff argues that her Complaint has detailed factual allegations to support her TVPRA claim establishing Defendant's "premeditated intent" to traffic Plaintiff as an au pair to exploit her economically and sexually. *Id.* at 18. Plaintiff says that TVPRA defendants need not have actual knowledge and need not actually participate in the sex trafficking act itself. *Id.* at 19. Because Plaintiff has properly alleged perpetration, participation, and benefit from acts prohibited by the TVPRA, Plaintiff argues, the motion must be denied as it relates to Count XI. *Id.*

The TVPRA "prohibits the sex trafficking of children or adults by force, fraud, or coercion." *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021). The Act provides a civil cause of action against a "perpetrator" which is defined as someone who "knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the Act]." 18 U.S.C. § 1595(a). The Act is divided into two theories of liability: perpetrator liability and venture/beneficiary liability. *Id.*; *see also Red Roof Inns*, 21 F.4th at 726.

Perpetrator liability requires that the defendant: "(1) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited, by any means a person; (2) knew or was in reckless disregard of the fact that force, threat, fraud, coercion, or a combination of such means was employed against a victim; (3) to cause the victim to engage in a commercial sex act." *Treminio v. Crowley Maritime Corp.*, 707 F. Supp. 3d 1234, 1244 (M.D. Fla. 2023) (quotations and citations omitted). Both theories of liability under the TVPRA explicitly "contain a mens rea element." *Id.* at 1245 (citing *Red Roof Inns*, 21 F.4th at 724 (noting that the statute explicitly provides that a perpetrator must act knowingly and interpreting the statute to require mens rea for beneficiary liability)). But knowledge can be either actual or constructive. *Red Roof Inns*, 21 F.4th at 725. "Actual knowledge" is "[d]irect and clear knowledge," while "constructive knowledge" is "[k]nowledge that one using reasonable care or diligence should have, and therefore is attributed by law to a given person." *Actual Knowledge*, Black's Law Dictionary (11th Ed. 2019); *Constructive Knowledge*, Black's Law Dictionary (11th Ed. 2019).

Plaintiff alleges that Franklin knowingly used Agent Au Pair to "traffic and recruit" women to the United States. Dkt. 1 at ¶ 146(a). She alleges that Franklin used false and fraudulent pretenses to get Plaintiff to travel to his home when he really intended to coerce her into "sexual activity and unpaid labor." *Id.* at ¶ 146(b)–(c). She alleges Franklin "assaulted and harassed her repeatedly" to "coerce

Plaintiff into having sexual relations with him," which included acts of "battery and false imprisonment." *Id.* at ¶ 146(d)–(e). She also alleges that when she refused to engage in sexual activity Franklin threatened to contact Agent Au Pair so that she would be terminated from the program and lose her visa. *Id.* at ¶ 146(f). She alleges that Franklin attempted to have her deported from the country. *Id.* Plaintiff alleges that Franklin exploited her, placed her in a condition of involuntary servitude, and ordered her to have sexual relations with him to "repay him for her room and board, and be permitted to keep her visa to the United States." *Id.* at ¶ 146(g).

At this stage of litigation, I find these allegations sufficient to allege that Defendant (1) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited, by any means Plaintiff; (2) knew or was in reckless disregard of the fact that force, threat, fraud, coercion, or a combination of such means was employed against Plaintiff; (3) to cause Plaintiff to engage in a commercial sex act. I therefore respectfully recommend the Court deny Defendant's Motion as it relates to Count XI.

## IV.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT in part and DENY in part** Defendant's Motion to Dismiss (Dkt. 12);

2.      **GRANT** the Motion and **DISMISS** Count VII (Negligent Misrepresentation); Count VIII (Negligence Innkeeper's duty); and X (Joint Venture);

3.      **DENY** the Motion as to Count VI (Sexual Battery); Count IX (False Imprisonment); and XI (Claim pursuant to 18 U.S.C. § 1595); and

4.      **GRANT** Plaintiff leave to file an amended complaint, if she chooses, correcting the deficiencies outlined herein, provided Plaintiff does so in good faith and in compliance with Federal Rule of Civil Procedure 11.

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on July 24, 2025.
Copies to:

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 20 -

Hon. Julie S. Sneed

Counsel of Record