UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON PENELOPE
MONTERROSO ROMERO,

Plaintiff,

v. Case No: 6:24-cv-1749-JSS-RMN

JAMES RAY FRANKLIN,

Defendant.
_______________________________/

**ORDER**

This case is set for a February 2027 jury trial. (Dkt. 71.) Plaintiff moves in limine to exclude seven categories of evidence and argument from the trial: (1) Plaintiff's prior relationships or sexual history, (2) Plaintiff's current immigration status, (3) any criminal investigation or charges against Defendant, (4) Plaintiff's motive for filing this lawsuit, (5) any affirmative defenses that Defendant had not pleaded by the time of the filing of the motion in limine, (6) any damages to Defendant caused by the lawsuit, including defense costs and related matters, and (7) Plaintiff's settlement with Agent Au Pair. (*See* Dkt. 63.) Defendant opposes the motion in limine as to the fifth, sixth, and seventh categories only. (*See* Dkt. 67.) Upon consideration, for the reasons outlined below, the court grants the motion in part and denies it in part.

**BACKGROUND**

Plaintiff alleges that she traveled from Guatemala to the United States to work as an au pair, a type of live-in childcare provider. (Dkt. 1 at 1, 5, 38, 43–47.) She

purportedly participated in an au pair program regulated by the United States Department of State and managed by the organization Agent Au Pair. (*Id.* at 4, 9–11.) Plaintiff states that in December 2023, she assumed an au pair position in Defendant's house, which was located in a remote part of Central Florida. (*Id.* at 5–6.) According to Plaintiff, during her work as an au pair, Defendant subjected her to unwanted touching, sexual harassment, and similar misconduct. (*Id.* at 5–7.) For example, Defendant reportedly masturbated in front of Plaintiff without her consent. (*Id.* at 7.) Plaintiff claims that she was required to lock herself in her room to avoid Defendant's misconduct. (*Id.*) She further claims that although she performed au pair services, she did not receive the minimum wage and was not compensated for overtime. (*Id.* at 27–32, 44–47.)

Given the above allegations, Plaintiff initiated this lawsuit in September 2024 by filing an eleven-count complaint against Agent Au Pair and Defendant. (*See id.* at 8–48.) The complaint contains five counts against Agent Au Pair (breach of fiduciary duty, two theories of negligence, and minimum wage and overtime violations of the Fair Labor Standards Act (FLSA)), four counts against Defendant (battery, negligent misrepresentation, negligence, and false imprisonment), and two counts against both Agent Au Pair and Defendant (joint venture and violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)). (*See id.*) Plaintiff settled her FLSA and non-FLSA claims against Agent Au Pair, and the court approved the FLSA settlement and dismissed all the claims with prejudice. (Dkt. 46 at 2.) Defendant moved to dismiss the claims against him, (Dkt. 12), and the court granted the motion in part and

denied it in part, (Dkt. 58). Specifically, the court dismissed the negligent misrepresentation, negligence, and joint venture counts against Defendant. (*Id.* at 2.) The court permitted Plaintiff to submit an amended complaint, (*id.*), but she did not do so. Accordingly, this case proceeds to trial on the battery, false imprisonment, and TVPRA claims against Defendant. (*See* Dkt. 1 at 33, 38–39, 43–48.) In each of these claims, Plaintiff seeks compensatory and punitive damages. (*Id.* at 33, 39, 48.)

Before Plaintiff filed the instant motion, she moved for entry of default against Defendant because he had not answered the complaint. (Dkt. 61.) After the filing of the instant motion, Defendant opposed the motion for default, arguing that although he had not submitted an answer, he had sufficiently put on a defense as to the claims against him through dispositive motion practice. (Dkt. 64.) In light of the preference to decide cases on the merits, the magistrate judge assigned to this case denied the motion for default and required Defendant to submit an answer. (Dkt. 68.) The magistrate judge denied the motion for default "without prejudice as to the issue of whether Defendant may properly raise affirmative defenses" and permitted this issue to "be raised on summary judgment or at trial." (*Id.*) Defendant's answer generally denies liability and asserts fifteen affirmative defenses. (Dkt. 69.) Plaintiff has not challenged any specific affirmative defenses asserted in the answer since Defendant filed it in August 2026.

## APPLICABLE STANDARDS

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains

subject to reconsideration by the court throughout the trial." *United States v. Quiles-Davila*, No. 6:24-cr-233-JSS-DCI-1, 2025 WL 1346258, at *1, 2025 U.S. Dist. LEXIS 87674, at *3 (M.D. Fla. May 8, 2025) (quotation omitted). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Id.* (alteration adopted and quotation omitted). "The district court has broad discretion to determine the admissibility of evidence, and [the appellate court] will not disturb the [district] court's judgment absent a clear abuse of discretion." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998); *see United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first[]hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## ANALYSIS

The court begins with Plaintiff's unopposed requests to exclude the first, second, third, and fourth categories of evidence. The court then addresses the fifth, sixth, and seventh categories in turn.

### A. The First, Second, Third, and Fourth Categories

Regarding the first category, Plaintiff asserts that Federal Rule of Evidence 412 bars evidence and argument "pertaining to [her] past sexual behavior, romantic relationships, [and] sexual predisposition" because this case "involves alleged sexual

misconduct including battery." (Dkt. 63 at 1–2.) *See* Fed. R. Evid. 412(a) (generally prohibiting evidence of a victim's sexual behavior or predisposition "in a civil or criminal proceeding involving alleged sexual misconduct"). Defendant's purported sexual misconduct is central to Plaintiff's claims against him. (*See* Dkt. 1.) Although Rule 412 provides exceptions to its general prohibition against evidence of a victim's sexual behavior or predisposition, Fed. R. Evid. 412(b), the rule imposes requirements on a party asserting an exception. Fed. R. Evid. 412(c)(1). The requirements include the filing of "a motion that specifically describes the evidence and states the purpose for which it is to be offered." Fed. R. Evid. 412(c)(1)(A). Defendant does not oppose Plaintiff's request as to the first category, (Dkt. 63 at 1 n.1; Dkt. 67 at 2), and accordingly, he has not filed the required motion. For these reasons, the court grants the request. *See United States v. Hahn*, 58 F.4th 1009, 1012 (8th Cir. 2023) (affirming the exclusion of evidence of a victim's sexual history because the party seeking to introduce the evidence failed to comply with Rule 412(c)(1)); *United States v. Ramone*, 218 F.3d 1229, 1235 (10th Cir. 2000) (same); *see also Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1270 (S.D. Fla. 2011) (granting a party's motion in limine because the adverse party "d[id] not oppose the motion" and "the law support[ed] the entry of an order granting the motion"). Defendant shall not introduce evidence or argument related to Plaintiff's past sexual behavior, romantic relationships, or sexual predisposition at trial.

Regarding the second category, Plaintiff asks the court to prohibit evidence and argument about her current immigration status pursuant to Federal Rule of Evidence

403. (Dkt. 63 at 2–3.) *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Plaintiff represents to the court that she is not seeking "lost wages, [diminished] earning capacity[,] or medical expenses" as damages, (Dkt. 63 at 3; *accord id.* at 2), and she contends that as a result, her current immigration status carries little, if any, probative value, (*id.* at 3). In addition, Plaintiff maintains that "[c]ourts consistently find that introducing" evidence of a plaintiff's current immigration status "is substantially more prejudicial than probative." (*Id.*) Defendant does not oppose Plaintiff's request as to the second category. (*Id.* at 1 n.1; Dkt. 67 at 2.) The court concludes that the "likely prejudice of allowing disclosure of [Plaintiff's current] immigration status outweighs the benefits to [Defendant], absent some particularized reason for the information." *See Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 2573974, at *3, 2010 U.S. Dist. LEXIS 70437, at *10 (S.D. Fla. June 24, 2010). Because no particularized reason is apparent, the court grants the request. *See id.*; *see also Ostrow*, 825 F. Supp. 2d at 1270. Defendant shall not introduce evidence or argument about Plaintiff's current immigration status at trial.

Regarding the third category, Plaintiff asserts: "To the extent that . . . Defendant intends to argue that he should not be held liable because there were no charges or arrest made by any law enforcement agency, this argument and evidence should be barred." (Dkt. 63 at 4.) Plaintiff appears to base this position on

risks of unfair prejudice and misleading the jury. (*See id.* at 4–5.) *See* Fed. R. Evid. 403. In advancing the position, Plaintiff states that she contacted the police concerning Defendant's purported misconduct but "was unable to complete a police report" because "she had moved to another [s]tate and could not travel to the jurisdiction where the incident occurred to make an in-person report at the police station." (Dkt. 63 at 4; *see* Dkt. 63-1 at 5–7.) Defendant does not oppose Plaintiff's request as to the third category provided that the court permits evidence and argument that Plaintiff contacted the police. (Dkt. 67 at 2.) Binding Eleventh Circuit caselaw holds that because the "different standards of proof between a criminal prosecutorial decision and a civil case might mislead the jury," *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986), evidence of non-prosecution of a crime is typically inadmissible in an action for a civil analog to the crime, *Figa v. R.V.M.P. Corp.*, 874 F.2d 1528, 1531 (11th Cir. 1989). In light of the Rule 403 considerations underlying this Eleventh Circuit precedent, the court grants Plaintiff's request and excludes evidence and argument concerning any criminal investigation or charges against Defendant. *See id.*; *Aetna*, 803 F.2d at 1160; *see also Ostrow*, 825 F. Supp. 2d at 1270. Defendant shall not introduce such evidence or argument at trial, but subject to any appropriate objections, the parties may introduce the information, referenced in the motion in limine, that Plaintiff contacted the police about Defendant but could not complete a police report. (*See* Dkt. 63 at 4; Dkt. 63-1 at 5–7.)

Regarding the fourth category, Plaintiff contends that "any evidence or argument pertaining to [her] alleged financial or other motivation for filing the instant

lawsuit" is irrelevant and therefore inadmissible. (Dkt. 63 at 5.) The law supports Plaintiff's contention. *See Lonchar v. Thomas*, 517 U.S. 314, 332 (1996) ("Normally courts will not look behind an action that states a valid legal claim on its face in order to try to determine the comparative weight a litigant places on various subjective reasons for bringing the claim."); *State Farm Mut. Auto. Ins. Co. v. Complete Care Ctrs., LLC*, No. 6:20-cv-1240-WWB-EJK, 2023 WL 4854725, at *4, 2023 U.S. Dist. LEXIS 133073, at *12 (M.D. Fla. Jan. 10, 2023) ("[The p]laintiffs' motivation for electing to proceed with litigation is not relevant to the resolution of this case[,] and any relevance is substantially outweighed by undue prejudice. Therefore, . . . [the d]efendants will be excluded from offering any evidence, testimony, or argument regarding [the p]laintiffs' motive for filing this lawsuit . . . ."); *see also Valdez v. State ex rel. Farrior*, 194 So. 388, 394 (Fla. 1940) ("It is generally established that the courts will not inquire into [the] motives which actuate [a] plaintiff in bringing suit. Where [a] plaintiff shows a right to the relief sought[,] it is immaterial that [the plaintiff] is seeking [the relief] for other purposes than the ascertainment and enforcement of the rights upon which he relies."); *Daskalopoulos v. Citizens Prop. Ins. Corp.*, 241 So. 3d 237, 240 (Fla. Dist. Ct. App. 2018) ("[The plaintiff's] financial interest in the outcome of his civil lawsuit against [the defendant] was a point that needed no proving[.]"). Evidence that lacks "any tendency to make a fact [of consequence in determining the action] more or less probable than [the fact] would be without the evidence" is irrelevant, Fed. R. Evid. 401, and thus "not admissible," Fed. R. Evid. 402. Even when evidence is relevant, the court can exclude it pursuant to Rule 403. Because Plaintiff's motive for filing this

lawsuit is irrelevant or, if relevant, substantially more prejudicial than probative, the court grants Plaintiff's request as to the fourth category. *See Lonchar*, 517 U.S. at 332; *State Farm*, 2023 WL 4854725, at *4, 2023 U.S. Dist. LEXIS 133073, at *12; *see also Ostrow*, 825 F. Supp. 2d at 1270. Defendant shall not introduce at trial any evidence or argument respecting Plaintiff's motive for filing this suit.

**B. The Fifth Category**

Regarding the fifth category, Plaintiff asks the court to bar Defendant from proceeding on any affirmative defenses that he had not raised when the instant motion was filed. (Dkt. 63 at 7–8.) Plaintiff argues that Defendant failed to serve a timely answer and that the deadlines for amending pleadings and conducting discovery in this case have "long since passed." (*Id.* at 7.) She further maintains that permitting Defendant to introduce evidence and argument at trial in support of affirmative defenses, such as her consent to his touching of her for the battery claim, would prejudice her. (*Id.* at 7–8.) Defendant responds that he sufficiently raised affirmative defenses through dispositive motion practice in this case. (Dkt. 67 at 3.)

Since the filing of the instant motion, Defendant has submitted an answer containing affirmative defenses. (*See* Dkt. 69.) In light of the "strong preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985), the court exercises its discretion to permit Defendant to proceed on the affirmative defenses in his answer. *See Bell Can. v. Yak Am. Inc.*, No. 12-22143-CIV, 2012 WL 12868167, at *1, 2012 U.S. Dist. LEXIS 192177, at *3 (S.D. Fla. Dec. 10, 2012)

("District courts have discretionary authority to accept untimely responsive pleadings."); *cf. Fanette v. Steven Davis Farms*, LLC, 28 F. Supp. 3d 1243, 1252 (N.D. Fla. 2014) ("[T]his [c]ourt may, in its discretion, allow a late amendment to raise an affirmative defense[.]"). Any prejudice to Plaintiff is slight given that Defendant has been actively defending against her claims throughout this suit, even in the absence of an answer. *See Robinson v. Bd. of Educ. of City of Chi.*, Case No. 96 C 92, 1999 WL 1209493, at *6, 1999 U.S. Dist. LEXIS 1252, at *15 (N.D. Ill. Feb. 3, 1999) (concluding that "any prejudice to [the p]laintiff" from permitting the defendants to proceed on an affirmative defense "would be very slight" when the defense did not appear in the answer but was raised in the case through dispositive motion practice), *report and recommendation adopted in relevant part by* 1999 WL 675302, at *2, 1999 U.S. Dist. LEXIS 13263, at *4–5 (N.D. Ill. Aug. 17, 1999); *cf. Abdullah v. City of Jacksonville*, 242 F. App'x 661, 663 (11th Cir. 2007) ("[A]lthough the defendants did not file an answer to [the] amended complaint, they filed a motion to dismiss and a motion for summary judgment, setting forth all their affirmative defenses and submitting evidence in support of their defenses.").

Consequently, the court denies the motion in limine as to the fifth category. Defendant may introduce evidence and argument concerning the affirmative defenses asserted in his answer.

**C. The Sixth Category**

Regarding the sixth category, Plaintiff broadly moves to exclude evidence and argument about any damages to Defendant caused by this lawsuit, including defense

costs and related matters. (Dkt. 63 at 8–12.) This request encompasses damages to Defendant's reputation and livelihood, his stress and suffering, and any invitations to the jury to sympathize with Defendant as a good person carrying emotional and financial burdens. (*Id.* at 8–9, 11.) The request also seeks to prohibit defense counsel from sharing "anecdotes, emotional reactions, and references" to the counsel's own family life and personal feelings and from "vouching for the credibility of Defendant" and any other witnesses. (*Id.* at 9–10.) Defendant states that counsel for the parties should not be permitted to "offer[] improper arguments, testimony, or personal anecdotes pertaining to the stress and suffering" of the parties or to "vouch for the credibility" of the parties. (Dkt. 67 at 4 (quotations omitted).) With regard to his financial condition, Defendant opposes Plaintiff's request because she seeks punitive damages against him. (*Id.* at 4–5.) Defendant wishes to "introduce testimony regarding his net wealth with respect to punitive damages" and argues that such evidence is relevant to ensure the reasonableness of any punitive damages award. (*Id.*)

Given the parties' positions, the court grants Plaintiff's request in part as to Defendant's financial condition and bifurcates the trial in this case. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."). "Bifurcation is appropriate where evidence concerning damages may prejudice the jury on the question of liability." *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015) (alteration adopted

and quotation omitted). In a first phase, the jury will determine liability, any compensatory damages award, and Plaintiff's entitlement to punitive damages. *See Westgate Resorts, Ltd. v. Reed Hein & Assocs., LLC*, Case No: 6:18-cv-1088-GAP-DCI, 2021 WL 4428800, at *5, 2021 U.S. Dist. LEXIS 190425, at *14 (M.D. Fla. June 24, 2021). If the jury concludes that Plaintiff is entitled to punitive damages, the jury will "then—in a second phase—determine the amount of [the] punitive damages." *Id.* (deeming this approach "sensible" and noting that it is "frequently used in federal courts"). Defendant's financial condition is relevant to the second phase, not the first. Therefore, Defendant is prohibited from introducing evidence and argument about his financial condition in the first phase, but he may introduce such evidence and argument in the second phase. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010) ("The Supreme Court of Florida . . . has determined that the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award[.]").

The court otherwise grants Plaintiff's request in full as to the sixth category. Although Plaintiff may submit evidence in support of her asserted compensatory damages, Defendant shall not introduce evidence or argument concerning his stress or suffering, for example, and neither party shall invite the jury to render a verdict based on sympathy or prejudice instead of the evidence. *See Kleiman v. Wright*, No. 18-cv-80176-BLOOM/Reinhart, 2022 WL 594831, at *5, 2022 U.S. Dist. LEXIS 34852, at *16 (S.D. Fla. Feb. 28, 2022) ("[T]he jury was properly instructed that [its] decision must be based on the actual evidence presented and [it] must not be influenced by any

sympathy or prejudice toward against any party."), *aff'd*, No. 22-11150, 2023 WL 7039512, 2023 U.S. App. LEXIS 28504 (11th Cir. Oct. 26, 2023). Further, counsel shall "refrain from interjecting" into their case presentations their "personal beliefs," including any "personal belief or opinion as to the truth or falsity of any testimony or evidence." *United States v. Young*, 470 U.S. 1, 8–9 (1985) (quotation omitted). Accordingly, counsel shall not vouch for the credibility of any party or witness. *See id.*

**D. The Seventh Category**

Regarding the seventh category, Plaintiff contends that Defendant should be prohibited from referring to her settlement with Agent Au Pair at trial. (Dkt. 63 at 12–13.) Plaintiff states: "As the only claims pending against . . . Defendant are claims for intentional torts where comparative fault does not apply, there would be no reason for . . . Defendant to introduce . . . Plaintiff's settlement of her claims . . . with Agent Au Pair." (*Id.* at 12.) *See Vantran Indus. v. Ryder Truck Rental, Inc.*, 890 So. 2d 421, 426 (Fla. Dist. Ct. App. 2004) ("[Florida's] comparative fault statute does not apply to cases involving intentional conduct[.]"); *Mazzilli v. Doud*, 485 So. 2d 477, 480 (Fla. Dist. Ct. App. 1986) (explaining that "comparative negligence is not a defense" to "an action for a tort legally classified as intentional," such as battery). Plaintiff explicitly invokes Federal Rule of Evidence 408, and she claims that she would be prejudiced if Defendant were permitted to refer to the settlement at trial for no good reason, thereby implicitly invoking Rule 403. (*See* Dkt. 63 at 12–13.) Defendant seemingly opposes any limitation on his testifying about the settlement, arguing that Agent Au Pair and he "worked together to bring Plaintiff" into his household and that the TVPRA count

in the complaint is against both Agent Au Pair and him. (Dkt. 67 at 5.) Concerning Rule 408, Defendant agrees that he cannot introduce evidence of the settlement to prove liability, invalidity, or amount for the settled claims, but he maintains that the rule does not apply to the claims against him that are proceeding to trial. (*Id.* at 6–7.)

Rule 408 generally prohibits evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise" a disputed claim, as well as "conduct or a statement made during compromise negotiations about the claim" in a civil case, when the evidence is used "to prove or disprove the validity or amount" of the claim or "to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). The rule provides exceptions to this general prohibition insofar as it authorizes the court to admit such evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Based on the plain terms of the rule, courts have concluded that it "requires that the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence must be the same claim." *Armstrong v. HRB Royalty, Inc.*, 392 F. Supp. 2d 1302, 1304–05 (S.D. Ala. 2005); *see Vulcan Hart Corp. (St. Louis Div.) v. Nat'l Lab. Rels. Bd.*, 718 F.2d 269, 277 (8th Cir. 1983) ("Rule 408 excludes evidence of settlement offers only if such evidence is offered to prove liability for or invalidity of the claim under negotiation."). The settled claims against Agent Au Pair differ from the claims against Defendant that are proceeding to trial. Even the single TVPRA

count is best read as including two claims: a TVPRA claim against Agent Au Pair, which was dismissed with prejudice after Plaintiff and Agent Au Pair settled, (Dkt. 45 at 3 n.1; Dkt. 46 at 2), and a TVPRA claim against Defendant, which is set to be tried in February 2027, (Dkt. 71). (*See* Dkt. 1 at 43–48; Dkt. 69 at 15–17.) Because the settled claims are not the claims against Defendant, Rule 408 does not furnish a basis for excluding Plaintiff's settlement with Agent Au Pair from the trial. *See Armstrong*, 392 F. Supp. 2d at 1309.

The court instead prohibits reference to the settlement under Rule 403. *See Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 756 (11th Cir. 1985) ("The [district court] is accorded broad discretion in determining whether evidence should be excluded under Rule 403[,] and [the Eleventh Circuit] will only reverse when there has been a clear abuse of discretion."). Defendant may address Agent Au Pair's involvement in the events at issue without referring to Plaintiff's settlement with Agent Au Pair. Given the parties' filings, the probative value of the settlement itself appears so low as to be "substantially outweighed by" dangers of "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403; *see Moore v. GEICO Gen. Ins. Co.*, 758 F. App'x 726, 730–32 (11th Cir. 2018) (perceiving no abuse of discretion in the district court's conclusion that evidence of a settlement with a non-party should have been excluded under Rule 403 based on these dangers). Consequently, Defendant shall not refer to the settlement in the jury's presence. *See Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CIV-MARRA, 2018 WL 8129822, at *3, 2018 U.S. Dist. LEXIS 235605, at *7 (S.D. Fla. Apr. 27, 2018) ("[T]o promote the public

policy favoring compromise and settlement of disputes, . . . [n]either party shall raise any issue relating to the settlement in front of the jury without leave of [c]ourt.”).

## CONCLUSION

Accordingly, Plaintiff's motion in limine (Dkt. 63) is **GRANTED in part and DENIED in part** as explained herein:

1. Defendant shall not introduce evidence or argument related to Plaintiff's past sexual behavior, romantic relationships, or sexual predisposition at trial.
2. Defendant shall not introduce evidence or argument about Plaintiff's current immigration status at trial.
3. Defendant shall not introduce at trial evidence or argument concerning any criminal investigation or charges against him. Subject to any appropriate objections, the parties may introduce the information, referenced in the motion in limine, that Plaintiff contacted the police about Defendant but could not complete a police report.
4. Defendant shall not introduce at trial any evidence or argument respecting Plaintiff's motive for filing this lawsuit.
5. Defendant may introduce evidence and argument concerning the affirmative defenses asserted in his answer.
6. The court bifurcates the trial. Defendant shall not introduce evidence or argument about his financial condition in the first phase, but he may introduce such evidence and argument in the second phase devoted to

determining the amount of any punitive damages award. Defendant shall not otherwise introduce evidence or argument concerning any damages to him caused by this lawsuit. Neither party shall invite the jury to render a verdict based on sympathy or prejudice instead of evidence. Further, during the trial, counsel shall not discuss their personal beliefs, including as to the truth or falsity of any evidence, and shall not vouch for the credibility of any party or witness.

7. Defendant shall not refer to Plaintiff's settlement with Agent Au Pair in the presence of the jury.

**ORDERED** in Orlando, Florida, on November 16, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record